JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
The appellant, Randolph Douglas, appeals the decision of the trial court sentencing him to a term of twelve months incarceration after finding him to be in violation of his probation for failure to report.
On March 30, 1998, the appellant was indicted for possession of drugs in violation of R.C. 2925.11. On May 6, 1998, the appellant retracted his former plea of not guilty and entered a plea of guilty to the offense of possession of drugs, one gram or less, a felony of the fifth degree. The appellant's bond was revoked, and he was remanded to the county jail pending the completion of a pre-sentence investigation and report.
On June 10, 1998, the trial judge commented to the appellant just prior to sentencing: If you violate this time, then you've got to go back to prison, and it will be a substantial sentence. And it will be the maximum sentence since you volunteered for it. That's what you put yourself on the line for. This comment referenced a statement by the appellant that if he were to be placed on probation for this offense and if he were then to violate his probation, he would take the year of imprisonment instead of the six months minimum. (Tr. 28).
The trial court sentenced the appellant to one year incarceration suspended, and three years of community controlled sanction under the supervision of the adult probation department. The appellant was given further conditions of his sentence: six months residency at the in-house drug treatment program at City Mission or the like; attend a minimum of four cocaine/ alcoholics/narcotics anonymous meetings per week, verified; and submit to regular urinalysis. The court's journal entry included that violation of the terms and conditions may result in more restrictive sanctions, a prison term of 1 year or extensions, as provided for by law.
On August 2, 2000, the appellant appeared before the trial court again. He was arrested on July 17, 2000 after a capias was issued for failure to report to his probation officer after February 2000. At this hearing, the appellant was found to be in violation of his community controlled sanctions and the court re-imposed the sentence of one year incarceration minus any jail time credit. The appellant appeals the trial court's one year term of incarceration and asserts the following sole assignment of error:
 I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM TERM OF INCARCERATION FOR THE OFFENSE CHARGED.
In this instance, the appellant is requesting a review not of the August 2, 2000 probation violation hearing, but of the June 10, 1998 sentence of one year suspended in the Lorain Correctional Institution and three years community controlled sanctions. The appellant did not file a direct appeal of his conviction or sentence. This type of bootstrapping, to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590, unreported, 1995 Ohio App. LEXIS 4838, at 2. See, Appellate Rules 3(D), 4(A). See, also, App.R. 5.
The appellant's current appeal of his original sentence is untimely and should therefore not be allowed.
Pursuant to this court's pronouncement in Church, and in accordance with the Appellate Rules, this appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________ FRANK D. CELEBREZZE, JR., J.:
MICHAEL J. CORRIGAN, P.J. AND PATRICIA A. BLACKMON, J., CONCUR.